**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CINEMARK USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. _____ |
| | § | |
| ROBLOX CORPORATION and | § | **JURY TRIAL DEMANDED** |
| NUMEROUS UNNAMED JOHN/JANE | § | |
| DOES, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR TRADEMARK INFRINGEMENT AND DISPARAGEMENT**

Cinemark USA, Inc. ("Cinemark" or "Plaintiff"), through counsel, states as follows for its Complaint against Defendants:

1.       This is an action for trademark infringement, Lanham Act violations, trademark dilution, tarnishment, common law trademark infringement, unfair competition, and disparagement by Roblox Corporation and unknown individuals and entities referred to as John/Jane Does (collectively "Defendants"). Because Defendants' infringement is ongoing and Cinemark has been, and is likely to continue to be, harmed by such infringement, Cinemark seeks monetary and injunctive relief.

## I.       PARTIES

2.       Plaintiff Cinemark USA, Inc. is a Texas corporation having a principal place of business at 3900 Dallas Parkway, Suite 500, Plano, Texas 75093-7865.

3.       Cinemark is the owner and operator of numerous movie theaters throughout the world, including over forty (40) states in the United States. Cinemark has spent millions of dollars

over the years in marketing, promoting, and operating its movie theaters and the related services. Cinemark has obtained numerous Federal Trademark Registration, such as those that are listed below, which marks are famous and closely associated with Cinemark.

4.      Cinemark is the exclusive owner of United States Trademark The Marks 1,540,958 for FRONT ROW JOE in International Class 41; 1,598,964 for CINEMARK THEATRES in International Class 41; 1,660,126 for CINEMARK in International Class 41; 1,831,626 for CENTURY THEATRES in International Class 41; 1,982,838 for TINSELTOWN in International Class 41; 2,238,053 for TINSELTOWN USA & Design in International Class 41; 2,390,351 for THE BEST SEAT IN TOWN in International Class 41; 2,390,388 for CINEMARK & Design in International Class 41; 2,693,359 for CINEARTS in International Class 41; 3,148,292 for Front Row Joe Character Design in International Class 41; 3,672,021 for C & Design in International Class 38; 3,733,210 for 3D Front Row Joe Character Design in International Class 41; 3,861,458 for C & Design in International Class 41; 4,017,185 for CINEMARK NEXTGEN in International Class 41; 4,460,198 for CINEMARK MOVIE BISTRO & Design in International Class 43; 4,460,197 for MOVIE BISTRO & Design in International Class 43; 4,488,580 for RAVE in International Class 41; 4,491,103 for RAVE CINEMAS & Design in International Class 41; and 4,845,456 for C & Design in International Class 9 (hereinafter collectively referred to as "The Marks").  The Marks are in multiple classes as identified above all for use in connection with movie theater services.

5.      On information and belief, Roblox Corporation is incorporated under the laws of Delaware with its principal place of business at 60 East Third Avenue, Suite 115, San Mateo, California, 94401. This Defendant may be served with process through its agent, David Baszucki,

60 E. Third Avenue, Suite 201, San Mateo, California, 94401.  The Defendant does business in the State of Texas and in the Northern District of Texas.

6.      On information and belief, Roblox Corporation supports a platform for the following user names belonging to unknown individuals and entities referred to collectively as "John/Jane Does":

| | | |
|---|---|---|
| armandotena; | fs2g851; | mrsnickjonas207; |
| awsomenewcool; | goldforward; | ochaoticdude; |
| bonkwikwi6; | gshocked; | officermas; |
| bumblee34; | hipperman; | robloxkaleb1234; |
| bumbleog; | iago100br; | robloxtroll75; |
| chucke2014; | iblazikenn; | sherlockholmesslice; |
| Cinemark; | ilovehorses08; | skatereper; |
| cinemark production inc.; | itzgreenkid'; | skinnytyler9; |
| cinemark theatre; | jaylon242; | spidercookie; |
| cinemark123; | johnatgaming; | suxon; |
| Cinemark3000deus; | kamilkuzmicki12; | the tycoon empire; |
| Cinemarke | khanect; | thepienoob; |
| coolkohlton; | krakenlaw; | volcanico; and |
| doctorinferno335; | llluuucccccaaa97; | zac440 |
| dodo4test1; | lomics167; | |
| fastdudejeep; | mathuesgandin; | |
| felipeblox10; | megabot4444; | |

7.     On information and belief, Roblox Corporation is in possession of the real identities/names, addresses, and other necessary account holder information for each of the above-listed user names identified herein as "John/Jane Does".

## II.     JURISDICTION, CONTROLLING LAW, AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 and 1338 because this is a civil action for trademark infringement arising under the laws of the United States.

9.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all common law claims in this civil action because the common law claims are so related to claims over which this Court has original jurisdiction that the common law claims form part of the same case or controversy under Article III of the United States Constitution

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and/or 28 U.S.C. § 1391(b)(3) Defendants are subject to personal jurisdiction in this District with respect to this action. On information and belief, computer users from this district are able to create an account, develop a virtual playground/workshop, purchase monthly or yearly memberships to the platform, and purchase monetary credits from Defendant Roblox Corporation in order to further the user's virtual playground/workshop within the platform contained within the interactive website operated by Defendant Roblox Corporation.  On information and belief, Defendant Roblox Corporation also pays monetary sums to users, including the remaining Defendants, in this district for developing virtual playgrounds/workshops visited by others.  On information and belief, the Defendants accept monetary credits from users who visit the Defendants virtual playgrounds/workshops.

### III.   FACTUAL ALLEGATIONS

**A.   PLAINTIFF CINEMARK USA, INC.**

11.     Cinemark owns U.S. Registration No. 1,540,958 issued on the Principal Register for the mark FRONT ROW JOE for "movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT A, pp. at 1-2.

12.     Cinemark has been using FRONT ROW JOE substantially, continuously, and extensively in U.S. commerce since at least June 1988.

13.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for FRONT ROW JOE Mark on January 18, 1995, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on September 26, 1995.

14.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for FRONT ROW JOE Mark on November 13, 2008, for which the United States Patent and Trademark Office issued Notices of Acceptance on December 3, 2008.

15.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using FRONT ROW JOE.

16.     Cinemark markets, advertises, operates, and conducts its movie theater services using the FRONT ROW JOE Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of FRONT ROW JOE Mark for movie theater services is attached as EXHIBIT B, pp. at 3-5.

17.     Cinemark owns U.S. Registration No. 1,598,964 issued on the Principal Register for the mark CINEMARK THEATRES for "movie theater services" in International Class 41.  A

true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT C, pp. at 6-7.

18.     Cinemark has been using CINEMARK THEATRES substantially, continuously, and extensively in U.S. commerce since at least June 1975.

19.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for CINEMARK THEATRES Mark on April 15, 1996, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on September 30, 1996.

20.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CINEMARK THEATRES Mark on May 3, 2000, for which the United States Patent and Trademark Office issued Notices of Acceptance on December 27, 2000.

21.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CINEMARK THEATRES Mark on July 7, 2009, for which the United States Patent and Trademark Office issued Notices of Acceptance on August 4, 2009.

22.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using CINEMARK THEATRES.

23.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CINEMARK THEATRES Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of CINEMARK THEATRES Mark for movie theater services is attached as EXHIBIT D, pp. at 8-9.

24.     Cinemark owns U.S. Registration No. 1,660,126 issued on the Principal Register for the mark CINEMARK for "movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT E, at pp. 10-11.

25.     Cinemark has been using CINEMARK substantially, continuously, and extensively in U.S. commerce since at least June 1975.

26.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for CINEMARK Mark on December 26, 1996, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on February 18, 1997.

27.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CINEMARK Mark on August 22, 2001, for which the United States Patent and Trademark Office issued Notices of Acceptance on November 13, 2001.

28.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CINEMARK Mark on October 18, 2010, for which the United States Patent and Trademark Office issued Notices of Acceptance on October 21, 2010.

29.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using CINEMARK.

30.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CINEMARK Mark through its on-line services, point-of-sale services and ecommerce. An example of Cinemark's use of CINEMARK Mark for movie theater services is attached as EXHIBIT F, at pp. 12-13.

31.     Cinemark owns U.S. Registration No. 1,831,626 issued on the Principal Register for the mark CENTURY THEATRES for "movie theatres" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT G, at pp.14-15.

32.     Cinemark has been using CENTURY THEATRES substantially, continuously, and extensively in U.S. commerce since at least June 1964.

33.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for CENTURY THEATRES Mark on March 20, 2000, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on June 6, 2000.

34.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CENTURY THEATRES Mark on May 16, 2003, for which the United States Patent and Trademark Office issued Notices of Acceptance on August 6, 2003.

35.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CENTURY THEATRES Mark on May 2, 2013, for which the United States Patent and Trademark Office issued Notices of Acceptance on May 31, 2013.

36.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using CENTURY THEATRES.

37.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CENTURY THEATRES Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of CENTURY THEATRES Mark for movie theater services is attached as EXHIBIT H, at pp.16-17.

38.     Cinemark owns U.S. Registration No. 1,982,838 issued on the Principal Register for the mark TINSELTOWN for "entertainment services; namely, movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT I, at pp.18-19.

39.     Cinemark has been using TINSELTOWN substantially, continuously, and extensively in U.S. commerce since at least November 1995.

40.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for TINSELTOWN Mark on September 5, 2001, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on September 21, 2001.

41.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for TINSELTOWN Mark on March 24, 2006, for which the United States Patent and Trademark Office issued Notices of Acceptance on July 19, 2006.

42.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for TINSELTOWN Mark on December 17, 2015, for which the United States Patent and Trademark Office issued Notices of Acceptance on December 18, 2015.

43.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using TINSELTOWN.

44.     Cinemark markets, advertises, operates, and conducts its movie theater services using the TINSELTOWN Mark through its on-line services, point-of-sale services and ecommerce. An example of Cinemark's use of TINSELTOWN Mark for movie theater services is attached as EXHIBIT J, at pp. 20-21.

45.     Cinemark owns U.S. Registration No. 2,238,053 issued on the Principal Register for the mark TINSELTOWN USA & Design for "entertainment services, namely, movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT K, at pp. 22-23.

46.     Cinemark has been using TINSELTOWN USA & Design substantially, continuously, and extensively in U.S. commerce since at least November 1996.

47.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for TINSELTOWN USA & Design Mark on March 4, 2005, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement May 6, 2005.

48.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for TINSELTOWN USA & Design Mark on November 21, 2008, for which the United States Patent and Trademark Office issued Notices of Acceptance on December 3, 2008.

49.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using TINSELTOWN USA & Design.

50.     Cinemark markets, advertises, operates, and conducts its movie theater services using the TINSELTOWN USA & Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of TINSELTOWN USA & Design Mark for movie theater services is attached as EXHIBIT L, at pp. 24-25.

51.     Cinemark owns U.S. Registration No. 2,390,351 issued on the Principal Register for the mark THE BEST SEAT IN TOWN for "entertainment services, namely movie theater

services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT M, at pp. 26-27.

52.     Cinemark has been using THE BEST SEAT IN TOWN substantially, continuously, and extensively in U.S. commerce since at least January 1999.

53.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for THE BEST SEAT IN TOWN Mark on September 19, 2006, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on November 24, 2006.

54.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for THE BEST SEAT IN TOWN Mark on August 23, 2010, for which the United States Patent and Trademark Office issued Notices of Acceptance on August 25, 2010.

55.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using THE BEST SEAT IN TOWN.

56.     Cinemark markets, advertises, operates, and conducts its movie theater services using THE BEST SEAT IN TOWN Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of THE BEST SEAT IN TOWN Mark for movie theater services is attached as EXHIBIT N, at pp. 28-29.

57.     Cinemark owns U.S. Registration No. 2,390,388 issued on the Principal Register for the mark CINEMARK & Design for "entertainment services, namely, movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT O, at pp. 30-31.

58.     Cinemark has been using CINEMARK & Design substantially, continuously, and extensively in U.S. commerce since at least January 1999.

59.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for CINEMARK & Design Mark on August 16, 2006, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on November 7, 2006.

60.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CINEMARK & Design Mark on October 16, 2009, for which the United States Patent and Trademark Office issued Notices of Acceptance on December 14, 2009.

61.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using CINEMARK & Design.

62.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CINEMARK & Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of CINEMARK & Design Mark for movie theater services is attached as EXHIBIT P, at pp. 32-33.

63.     Cinemark owns U.S. Registration No. 2,693,359 issued on the Principal Register for the mark CINEARTS for "movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT Q, at pp. 34-35.

64.     Cinemark has been using CINEARTS substantially, continuously, and extensively in U.S. commerce since at least November 17, 2000.

65.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for CINEARTS Mark on April 25, 2008, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on May 21, 2008.

66.     Cinemark filed Combined Declarations of Use and Renewal under Sections 8 & 9 for CINEARTS Mark on April 2, 2012, for which the United States Patent and Trademark Office issued Notices of Acceptance on April 24, 2012.

67.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using CINEARTS.

68.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CINEARTS Mark through its on-line services, point-of-sale services and ecommerce. An example of Cinemark's use of CINEARTS Mark for movie theater services is attached as EXHIBIT R, at pp. 36-37.

69.     Cinemark owns U.S. Registration No. 3,148,292 issued on the Principal Register for the mark Front Row Joe Character Design for "movie theatre services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT S, at pp. 38-39.

70.     Cinemark has been using Front Row Joe Character Design substantially, continuously, and extensively in U.S. commerce since at least June 2004.

71.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for Front Row Joe Character Design Mark on July 11, 2012, for which the United States

Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on July 25, 2012.

72.    Cinemark markets, advertises, operates, and conducts its movie theater services in this District using Front Row Joe Character Design.

73.    Cinemark markets, advertises, operates, and conducts its movie theater services using the Front Row Joe Character Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of Front Row Joe Character Design Mark for movie theater services is attached as EXHIBIT T, at pp. 40-41.

74.    Cinemark owns U.S. Registration No. 3,672,021 issued on the Principal Register for the mark C & Design for "Wireless communications services, namely, transmission of graphics to mobile telephones" in International Class 38.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT U, at pp. 42-43.

75.    Cinemark has been using C & Design substantially, continuously, and extensively in U.S. commerce since at least July 24, 2008.

76.    Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for C & Design Mark on March 26, 2015, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on April 7, 2015.

77.    Cinemark markets, advertises, operates, and conducts its movie theater services in this District using C & Design.

78.    Cinemark markets, advertises, operates, and conducts its mobile application movie theater services using the C & Design Mark through its on-line services, point-of-sale services and

ecommerce.  An example of Cinemark's use of C & Design Mark for mobile application movie theater services is attached as EXHIBIT V, at pp. 44-45.

79.     Cinemark owns U.S. Registration No. 3,733,210 issued on the Principal Register for the mark 3D Front Row Joe Character Design for "movie theater services; entertainment services in the nature of live televised performances, live theatrical performances, and live personal appearances, by a costumed character" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT W, at pp. 46-47.

80.     Cinemark has been using 3D Front Row Joe Character Design substantially, continuously, and extensively in U.S. commerce since at least November 2003.

81.     Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for 3D Front Row Joe Character Design Mark on January 14, 2015, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on February 4, 2015.

82.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using 3D Front Row Joe Character Design.

83.     Cinemark markets, advertises, operates, and conducts its movie theater services using the 3D Front Row Joe Character Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of 3D Front Row Joe Character Design Mark for movie theater services is attached as EXHIBIT X, at pp. 48-49.

84. Cinemark owns U.S. Registration No. 3,861,458 issued on the Principal Register for the mark C & Design for "movie theater services" in International Class 41. A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT Y, at pp.50-51.

85. Cinemark has been using C & Design substantially, continuously, and extensively in U.S. commerce since at least July 2008.

86. Cinemark filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for C & Design Mark on December 17, 2015, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on February 24, 2016.

87. Cinemark markets, advertises, operates, and conducts its movie theater services in this District using C & Design.

88. Cinemark markets, advertises, operates, and conducts its movie theater services using the C & Design Mark through its on-line services, point-of-sale services and ecommerce. An example of Cinemark's use of C & Design Mark for movie theater services is attached as EXHIBIT Z, at pp. 52-53.

89. Cinemark owns U.S. Registration No. 4,017,185 issued on the Principal Register for the mark CINEMARK NEXTGEN for "movie theater services" in International Class 41. A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT AA, at pp. 54-55.

90. Cinemark has been using CINEMARK NEXTGEN substantially, continuously, and extensively in U.S. commerce since at least November 2010.

91.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using CINEMARK NEXTGEN.

92.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CINEMARK NEXTGEN through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of CINEMARK NEXTGEN Mark for movie theater services is attached as EXHIBIT AB, at pp. 56-57.

93.     Cinemark owns U.S. Registration No. 4,460,198 issued on the Principal Register for the mark CINEMARK MOVIE BISTRO & Design for "bar services; restaurant and café services" in International Class 43.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT AC, at pp. 58-60.

94.     Cinemark has been using CINEMARK MOVIE BISTRO & Design substantially, continuously, and extensively in U.S. commerce since at least March 2013.

95.     Cinemark markets, advertises, operates, and conducts its bar, restaurant, and café services in connection with movie theater services in this District using CINEMARK MOVIE BISTRO & Design.

96.     Cinemark markets, advertises, operates, and conducts its movie theater services using the CINEMARK MOVIE BISTRO & Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of CINEMARK MOVIE BISTRO & Design Mark for bar, restaurant and café services in connection with movie theater services is attached as EXHIBIT AD, at pp. 61-62.

97.     Cinemark owns U.S. Registration No. 4,460,197 issued on the Principal Register for the mark MOVIE BISTRO & Design for "bar services; restaurant and café services" in International Class 43.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT AE, at pp. 63-65.

98.     Cinemark has been using MOVIE BISTRO & Design substantially, continuously, and extensively in U.S. commerce since at least March 2013.

99.     Cinemark markets, advertises, operates, and conducts its bar, restaurant, and café services in connection with movie theater services in this District using MOVIE BISTRO & Design.

100.     Cinemark markets, advertises, operates, and conducts its movie theater services using the MOVIE BISTRO & Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of MOVIE BISTRO & Design Mark for bar, restaurant and café services in connection with movie theater services is attached as EXHIBIT AF, at pp. 66-67.

101.     Cinemark owns U.S. Registration No. 4,488,580 issued on the Principal Register for the mark RAVE for "movie theater services" in International Class 41.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT AG, at pp. 68-69.

102.     Cinemark or Cinemark's predecessor in interest has been using RAVE substantially, continuously, and extensively in U.S. commerce since at least October 1999.

103.     Cinemark markets, advertises, operates, and conducts its movie theater services in this District using RAVE.

104.    Cinemark markets, advertises, operates, and conducts its movie theater services using the RAVE Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of RAVE Mark for movie theater services is attached as EXHIBIT AH, at pp. 70-71.

105.    Cinemark owns U.S. Registration No. 4,491,103 issued on the Principal Register for the mark RAVE CINEMAS & Design for "movie theater services" in International Class 41. A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT AI, at pp. 72-73.

106.    Cinemark or Cinemark's predecessor in interest has been using RAVE CINEMAS & Design substantially, continuously, and extensively in U.S. commerce since at least 2010.

107.    Cinemark markets, advertises, operates, and conducts its movie theater services in this District using RAVE CINEMAS & Design.

108.    Cinemark markets, advertises, operates, and conducts its movie theater services using the RAVE CINEMAS & Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of RAVE CINEMAS & Design Mark for movie theater services is attached as EXHIBIT AJ, at pp. 74-75.

109.    Cinemark owns U.S. Registration No. 4,845,456 issued on the Principal Register for the mark C & Design for "downloadable mobile applications for movie theater services" in International Class 9.  A true and correct copy of the Certificate of Registration is attached hereto as EXHIBIT AK, at pp. 76-77.

110.    Cinemark has been using C & Design substantially, continuously, and extensively in U.S. commerce since at least July 24, 2008.

111.    Cinemark markets, advertises, operates, and conducts its movie theater services in connection with mobile applications in this District using C & Design.

112.    Cinemark markets, advertises, operates, and conducts its movie theater services in connection with mobile applications using the C & Design Mark through its on-line services, point-of-sale services and ecommerce.  An example of Cinemark's use of C & Design Mark for movie theater services is attached as EXHIBIT AL, at pp. 78-79.

113.    Through Cinemark's continuous use of each of The Marks, at least since each of The Marks date of first use in commerce for the goods and services for each of The Marks, Cinemark has acquired common law trademark rights to each of The Marks.

## B.      DEFENDANT'S INFRINGING CONDUCT

114.    Defendants have and continue to infringe The Marks in this judicial district by using The Marks in and on virtual playgrounds/workshops in connection with movie theaters and movie theater services.   A true and correct copy of the Defendants' webpages demonstrating their infringing use of The Marks is attached hereto as EXHIBIT AM, at pp. 80-143.

115.    Defendants have had constructive knowledge of The Marks, at least as early as the date of registration for The Marks.  On information and belief, Defendants knew that The Marks were and are famous before using them on their website and/or virtual playgrounds/workshops.

116.    Despite having knowledge of The Marks, Defendants have continued to willfully infringe The Marks.

117.    Defendants' website, virtual playgrounds and/or virtual workshops allow its subscribers and the general public to watch movies, and/or play interactive games in virtual movie theaters bearing The Marks regardless of the subscriber or public's location.

118.    On information and belief, subscribers and the general public are able to create an account, develop a virtual playground/workshop, purchase monthly or yearly memberships to the platform, and purchase monetary credits from Defendant Roblox Corporation in order to further the user's virtual playground/workshop within the platform.  On information and belief, Defendant Roblox Corporation also pays monetary sums to users, including the remaining Defendants for developing virtual playgrounds/workshops visited by others.   On information and belief, the Defendants accept monetary credits from users who visit the Defendants' virtual playgrounds/workshops.

119.    Upon information and belief, subscribers/registered users of Roblox Corporation and the general public have been confused and assume Cinemark authorizes or supports the virtual movie theaters and movie theater services related to the infringing marks demonstrated within the virtual platforms offered by Defendants.

120.    Upon information and belief, subscribers/registered users and the general public can purchase virtual weapons, namely guns, for use inside the virtual playgrounds/workshops to kill other subscribers/users/members of the public, for virtual monies, inside virtual theaters or worlds bearing The Marks.  Users virtually reenact tragic, violent real-world events involving an active shooter scenario at a Cinemark theater bearing The Marks.  See EXHIBIT AN, at 144-152.

121.    Cinemark has received actual complaints from customers in the United States concerning the graphic violence and games associated with The Marks on Defendants' website and/or virtual playgrounds/workshops.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

122.   All preceding paragraphs are incorporated herein as if set forth in full.

123.   Cinemark owns all of the rights to The Marks.

124.   Since registering The Marks in the United States Patent and Trademark Office, Cinemark has consistently used the registered notice symbol "®" in association with its goods and services as set forth herein.

125.   Cinemark has continually engaged in business using The Marks in commerce since at least the first use in commerce date for each of The Marks.  Cinemark has never given any of the Defendants consent to use The Marks in any manner or form.

126.   Defendants' use of The Marks in connection with its websites and/or virtual playgrounds/workshops depicts movie theaters and allows the general public to watch movies or play interactive games in virtual movie theaters, and such use is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' services. Further, Defendants' use in commerce of The Marks is a reproduction, counterfeit, copy, or colorable imitation of The Marks.  As a result of Defendants' unauthorized use of trademarks that are confusingly similar to The Marks, the public is likely to believe that Cinemark is affiliated with Defendants.

127.   Defendants' acts are in violation of 15 U.S.C. § 1114(a).

128.   As a result of the infringement by Defendants, Cinemark has been injured, suffered, and is suffering damage.  Furthermore, as a result of the acts of the Defendants alleged herein, Cinemark is entitled to an injunction and other equitable relief as set forth below.  Additionally, as a result of the Defendants' willful and intentional acts alleged herein, Cinemark has been

damaged in an amount to be proven at trial, including actual damages, treble damages, costs of this action, and attorneys' fees.

129.    Upon information and belief, the acts of infringement by Defendants has also resulted and is currently resulting in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT II

## SECTION 43(A) LANHAM ACT VIOLATIONS

130.    All preceding paragraphs are incorporated herein as if set forth in full.

131.    The Marks have become uniquely associated with and hence identifies Cinemark. Defendants' use of The Marks is a use of a false designation of origin, or a false representation or of false advertising, that wrongfully and falsely designates Defendant's products, services, or commercial activities as originating from, connected with, or endorsed by Cinemark, and constitutes utilizing false descriptions or representations in interstate commerce, thereby infringing Cinemark's rights.

132.    Defendants' acts are in violation of 15 U.S.C. § 1125(a).

133.    As a result of the infringement by Defendants, Cinemark has been injured, suffered, and is suffering damage.  Furthermore, as a result of the acts of the Defendants alleged herein, Cinemark is entitled to an injunction and other equitable relief as set forth below.  Additionally, as a result of the Defendants' willful and intentional acts alleged herein, Cinemark has been damaged in an amount to be proven at trial, including actual damages, treble damages, costs of this action, and attorneys' fees.

134.    Upon information and belief, the acts of infringement by Defendants has resulted and are currently resulting in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT III

## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

135.    All preceding paragraphs are incorporated herein as if set forth in full.

136.    The Marks are registered and have become famous and distinctive in the United States through its extensive, continuous and exclusive use in connection with Cinemark's products/services within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Marks became distinctive and famous prior to any infringing use of The Marks by Defendants as alleged herein.

137.    Despite knowledge of The Marks, Defendants used and continue to use in interstate commerce spurious and colorable imitations thereof in connection with Defendants products, and services, or commercial activities.

138.    Defendants' actions as described herein have caused and continue to cause injury to, and a likelihood of dilution of the distinctive quality of The Marks in violation of Cinemark's rights under 15 U.S.C. § 1125(c).  Defendants' wrongful use of The Marks is likely to dilute the distinctive nature of The Marks by blurring and tarnishment of Cinemark's reputation.

139.    Defendant has used and continues to use in interstate commerce spurious and colorable imitations of The Marks willfully and with the intent to dilute the distinctive quality of The Marks and trade on the reputation and goodwill of The Marks.  Moreover, Defendants' use of The Marks is specifically and expressly calculated to create a negative association regarding The Marks which constitutes as tarnishment.  Accordingly, Cinemark is entitled to damages under 15

U.S.C. § 1117(a).  Furthermore, as a result of the acts of the Defendants alleged herein, Cinemark is entitled to an injunction and other equitable relief as set forth herein.

140.     As a direct and proximate result of Defendants' conduct, Cinemark has suffered harm to The Marks, and other damages in an amount to be proved at trial.

**COUNT IV**

**TEXAS ANTIDILUTION ACT**

141.     All preceding paragraphs are incorporated herein as if set forth in full.

142.     Defendants' use of The Marks is intentional and constitutes a dilution of The Marks and injures Cinemark's business reputation, in violation of the Texas Antidilution Act.  Tex. Bus. & Com. Code Ann. § 16.103.  Further, upon information and belief, Defendants' use of The Marks was willfully intended to cause the dilution of The Marks.

143.     As a result of the dilution by Defendants, Cinemark has been injured, suffered, and continues to suffer damage.   Furthermore, as a result of the acts of the Defendants alleged herein, Cinemark is entitled to an injunction and other equitable relief as set forth below.  Additionally, as a result of the Defendants' willful and intentional acts alleged herein, Cinemark has been damaged in an amount to be proven at trial, including actual damages, treble damages, costs of this action, and attorneys' fees.

144.     Upon information and belief, the acts of dilution by Defendants has resulted, and is currently resulting, in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

**COUNT V**

**TEXAS COMMON LAW UNFAIR COMPETITION**

145.     All preceding paragraphs are incorporated herein as if set forth in full.

146.     Through Cinemark's continuous use of each of The Marks, at least since each of The Marks date of first use in commerce for the goods and services for each of The Marks, Cinemark has acquired common law trademark rights to each of The Marks.

147.     Cinemark has continually engaged in business using The Marks in commerce since at least the first use in commerce date for each of The Marks.  Cinemark has never given any of the Defendants consent to use The Marks in any manner or form.

148.     Defendants' use of The Marks constitutes unfair competition of Cinemark's common law trademark rights in The Marks.

149.     As a result of the unfair competition by Defendants, Cinemark has been injured, suffered, and is suffering, damage.   Furthermore, as a result of the acts of the Defendants alleged herein, Cinemark is entitled to an injunction and other equitable relief as set forth below. Additionally, as a result of the Defendants' willful and intentional acts alleged herein, Cinemark has been damaged in an amount to be proven at trial, including actual damages, treble damages, costs of this action, and attorneys' fees.

150.     Upon information and belief, the acts of unfair competition has resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined.

## COUNT VI

## TEXAS COMMON LAW TRADEMARK INFRINGEMENT

151.     All preceding paragraphs are incorporated herein as if set forth in full.

152.     Through Cinemark's continuous use of each of The Marks, at least since each of The Marks date of first use in commerce for the goods and services for each of The Marks, Cinemark has acquired common law trademark rights to each of The Marks.

153.    Cinemark has continually engaged in business using The Marks in commerce since at least the first use in commerce date for each of The Marks.  Cinemark has never given any of the Defendants consent to use The Marks in any manner or form.

154.    Defendants' use of The Marks constitutes infringement of Cinemark's common law trademark rights for the marks demonstrated in The Marks.

155.    Defendants continues to infringe Cinemark's common law trademark rights, resulting in confusion and deception of the public and harm to The Marks.

156.    As a result of the infringement by Defendants, Cinemark has been irreparably harmed for which there is no adequate remedy at law and, unless restrained, will continue to cause irreparable harm.

157.    As a result of the trademark infringement by Defendants, and the ensuing irreparable harm to Cinemark, Cinemark is entitled to injunctive relief.

158.    Upon information and belief, the acts of infringement by Defendants has resulted, and is currently resulting, in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT VII

## TEXAS COMMON LAW BUSINESS DISPARAGEMENT

159.    All preceding paragraphs are incorporated herein as if set forth in full.

160.    By using The Marks in connection with virtual mass shootings in connection with Cinemark's movie theaters, Defendants knowingly and/or recklessly make false statements that disparage Cinemark's good name, business reputation, services, products and goods.  Defendants did so with the intent to cause, and actually caused, pecuniary loss to the Cinemark in violation of the laws of Texas.   Defendants knowingly and/or recklessly create virtual playgrounds/workshops

where children can purchase and use virtual guns to cause mass shootings at virtual movie theaters under The Marks creating the false statement that Cinemark's movie theaters are "unsafe".

161.    As a result of the disparagement by Defendants, Cinemark has suffered, and continues to suffer, damages in an amount yet to be determined.

162.    Upon information and belief, the acts of disparagement by Defendants has resulted, and is currently resulting, in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT VIII

## ATTORNEY'S FEES AND COSTS

163.    All preceding paragraphs are incorporated herein as if set forth in full.

164.    Because of Defendants' actions, Cinemark has found it necessary to employ the undersigned counsel to present this action.  Cinemark is entitled to recover from Defendants its reasonable attorney's fees incurred in this action pursuant to 15 U.S.C. § 1117(a) and other applicable statutes and laws.  Cinemark also seeks recovery of prejudgment and post-judgment interest on its damages at the maximum lawful rate.  Cinemark further seeks recovery of its costs of court.

## IV.    REQUEST FOR RELIEF

WHEREFORE, Cinemark requests that after trial or other final hearing on this matter that this Court grant the relief requested, including the following:

a)    That Defendants be cited and appear herein;

b)    That a judgment be rendered against Defendants for acts of infringement;

c)    That a judgment be rendered against Defendants for acts of dilution;

d)    That a judgment be rendered against Defendants for acts of unfair competition;

e)     That a judgment be rendered against Defendants for acts of disparagement;

f)     That Cinemark be awarded actual damages as plead;

g)     That Cinemark be awarded any and all profits derived by Defendant's violation of Cinemark's rights;

h)     That Cinemark be awarded all costs of court;

i)     That Cinemark be awarded attorney's fees as plead and allowed by statute and common law;

j)     That Cinemark be awarded pre-judgment and post-judgment interest;

k)     That Cinemark be awarded such additional damages as this Court deems appropriate;

l)     That Defendants be preliminarily and permanently enjoined from and be required to cease using of The Marks, or any marks confusingly similar thereto, or any marks belonging to Cinemark, in connection with Defendants' goods, services, or commercial activities;

m)    That Defendants be required to destroy all devices, signage, literature, advertising material, stationery, and other printed or electronic materials, whether they be real or virtual, infringed upon by The Marks; and

n)     That Cinemark be granted such other and further relief, both general and special, legal and equitable, to which Cinemark may show itself justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

**PLAINTIFF CINEMARK'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT AND DISPARAGEMENT– Page 29**

DATED:  June 13, 2016

Respectfully submitted,

**WARREN RHOADES LLP**

By:    /s/ Sanford E. Warren, Jr.
Sanford E. Warren, Jr. (Lead Attorney)
State Bar No.  20888690
swarren@wriplaw.com
WARREN RHOADES LLP
1212 Corporate Drive, Suite 250
Irving, Texas  75038
Telephone:  972-550-2955
Facsimile:  469-422-0091

R. Scott Rhoades
State Bar No. 90001757
srhoades@wriplaw.com
WARREN RHOADES LLP
1212 Corporate Drive, Suite 250
Irving, Texas  75038
Telephone:  972-550-2997
Facsimile:  469-422-0091

*Attorneys for Plaintiff, Cinemark USA, Inc.*